84 August 5, 2026 No. 752

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. J. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. J. G.
and D. R. B.,
*Appellants.*

Jackson County Circuit Court
24JU03871; A190193 (Control), A190269

In the Matter of E. R. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

E. R. G.
and D. R. B.,
*Appellants.*

Jackson County Circuit Court
24JU03872; A190195, A190278

David G. Hoppe, Judge.

Submitted July 20, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant D. R. B. Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellants T. J. G. and E. R. G.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

PER CURIAM

Reversed.

---

\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**PER CURIAM**

This is a consolidated appeal arising from a juvenile dependency case governed by ICWA and ORICWA. Mother and her two children, each of whom is an "Indian child" for purposes of ICWA and ORICWA, appeal permanency judgments changing the permanency plans for children from reunification to guardianship. They assign error to the juvenile court's determination that the Oregon Department of Human Services (ODHS) provided "active efforts" to reunify the family, a statutory prerequisite to changing an Indian child's permanency plan away from reunification. ORS 419B.476(2)(a) and ORS 419B.645. They contend that ODHS's efforts, as evidenced by the record, fall short of "active efforts" within the meaning of the relevant statutes. ODHS concedes the error and acknowledges that the permanency judgments must be reversed. Our review of the record confirms that the concession is well-taken. "Active efforts" are ones that are "affirmative, active, thorough, timely and intended to maintain or reunite and Indian child with the Indian child's family." ORS 419B.645(1). The efforts must include "assisting the Indian child's parent * * * through the steps of a case plan and with accessing or developing the resources necessary to satisfy the case plan." ORS 419B.645(4)(b). In this instance, the record reflects that ODHS's efforts to aid mother with the case plan were fairly minimal and not timed in a way to assist mother through the case plan. Such efforts do not qualify as active. Because ODHS did not demonstrate that it made active efforts to reunify the family, the juvenile court erred in changing children's permanency plans away from reunification.

Reversed.